UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT LEE FINLEY, | Case No. 2:24-cv-00840-RFB-EJY |
| Plaintiff, | **SCREENING ORDER** |
| v. | |
| STEPHANIE, | |
| Defendant. | |

## I. INTRODUCTION

Plaintiff Robert Finley, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC") and assigned NDOC #92196, has submitted a civil-rights complaint under 42 U.S.C. § 1983 and applied to proceed in forma pauperis ("IFP"). Finley contends that his rights were violated while he was housed at Clark County Detention Center ("CCDC"). The Court now screens Finley's Complaint under 28 U.S.C. § 1915A and addresses his IFP application and other matters.

## II. FILING FEE AND UPDATED ADDRESS

The Court denied Finley's original IFP application because he failed to sign the Acknowledgement Declaration and did not include an inmate trust fund account statement for the previous six-month period with his application. The Court gave Finley until July 24, 2024, to either file a new fully complete IFP application or pay the full $405 filing fee for a civil action. Before that deadline expired, Finley filed an IFP application on the Court's approved form with his two signatures on the Acknowledgement Declaration, but he failed to include an inmate trust fund account statement with it. Finley instead filed a declaration and exhibit purporting to show that a

few days earlier he submitted a kite for prison officials to provide his financial documents, and the response was that it would take inmate banking between one and four months to process his request. That timeframe has expired but Finley has neither filed his financial documents with the Court nor informed the Court that prison officials failed to provide them after confirming receipt of his kite. Moreover, according to the NDOC inmate database, Finley has been transferred to Southern Desert Correctional Center, but has not filed his updated address with the Court.

Finley is advised that a "pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number." Nev. LR IA 3-1. "The notification must include proof of service on each opposing party or the party's attorney." Id. And "[f]ailure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." Id.

Finley's second IFP application is denied because it is incomplete. If Finley wishes to proceed with this civil-rights action, then he must file his updated address with the Court and either pay the full $405 filing fee or file a new fully complete IFP application with all three required documents showing his inability to pay the filing fee.

### III.   SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. §§ 1915A(b)(1), (2). Pro se pleadings, however, must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the

allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995), superseded on other grounds by 28 U.S.C. § 1915(e).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. See Chappel v. Lab. Corp. of Am., 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if the plaintiff clearly cannot prove any set of facts in support of the claim that would entitle him or her to relief. Id. at 723–24. In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. Warshaw v. Xoma Corp., 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers. Hughes v. Rowe, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. Id.

Additionally, a reviewing court should "begin by identifying [allegations] that, because they are no more than conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Id. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial

experience and common sense." Id.

Finally, all or part of a complaint filed by an incarcerated person may be dismissed sua sponte if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable—like claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist—as well as claims based on fanciful factual allegations like fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989), superseded on other grounds by 28 U.S.C. § 1915(e).

### A. Factual Allegations

On February 15, 2023, Finley injured his right shoulder when it was closed in the pressurized unit door at CCDC. Well Path Medical Director Stephanie examined Finley, said he was ok and would be fine, but sent him out for an MRI that showed he was severely injured. From shortly after the incident until at least May 3, 2024, Finley continually contacted CCDC's medical department, especially Stephanie, seeking a diagnosis and treatment for his injury. Although Finley sustained "severe permanent damage" to his left shoulder and rotator cuff, medical staff ignored his requests. The only treatment they provided Finley was a low dose of Naproxen.

### B. Analysis of Claim

Based on the allegations summarized above, Finley sues Well Path Medical Director Stephanie. He seeks monetary relief. Finley does not allege whether he was a pretrial detainee or a convicted prisoner during the events of the Complaint. This distinction matters because a pretrial detainee may raise inadequate-medical-care claims under the Fourteenth Amendment's Due Process Clause, and the standard is an objective one, while the Eighth Amendment's bar against cruel and unusual punishment applies to the same claims raised by convicted prisoners, and the standard is subjective. See Kingsley v. Hendrickson, 576 U.S. 389, 397–402 (2015); accord Pierce v. Cnty. of Orange, 526 F.3d 1190, 1205 (9th Cir. 2008). The Court assumes for the purposes of screening that Finley was a pretrial detainee during at least some of the relevant timeframe. So the Court liberally construes the Complaint as bringing a Fourteenth Amendment inadequate-medical-care claim. But if Finley was a convicted prisoner during some or all of the Complaint's relevant timeframe—February 15, 2023, to at least May 3, 2024—then he should move for leave to file an

amended complaint to clarify that fact and replead his claim.

### 1. Fourteenth Amendment inadequate medical care

Pretrial detainees may raise inadequate-medical-care claims under the Fourteenth Amendment's Due Process Clause. Gordon v. Cnty. of Orange, 888 F.3d 1118, 1124 (9th Cir. 2018). Courts evaluate these claims under an objective deliberate indifference standard. Id. at 1125. The elements of a pretrial detainee's Fourteenth Amendment inadequate-medical-care claim are:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

Id. The third element requires the defendant's conduct to be "objectively unreasonable," a test that turns on the facts and circumstances of each case. Id. A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." Id.

Defendant Stephanie appears to be a private person. A defendant may be held liable under § 1983 for violating a plaintiff's constitutional rights if the defendant "committed the alleged deprivation while acting under the color of state law." Rawson v. Recovery Innovations, Inc., 975 F.3d 742, 747 (9th Cir. 2020). "The determination of whether a nominally private person or corporation acts under color of state law is a matter of normative judgment, and the criteria lack rigid simplicity." Id. The Supreme Court has developed four different tests to aid courts in identifying state action. Id. But "[a]t bottom, the inquiry is always whether the defendant has 'exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" Id. (quoting West v. Atkins, 487 U.S. 42, 49 (1988); and United States v. Classic, 313 U.S. 299, 326 (1941)).

It appears from the allegations that Well Path contracted with Clark County to provide medical care for inmates housed at CCDC, and that Stephanie was employed by the company as a

medical director. These allegations are enough for screening purposes to state that Stephanie acted under the color of state law when she allegedly failed to provide Finley adequate medical care for his shoulder injury.

Finley states a colorable Fourteenth Amendment inadequate-medical-care claim. Finley alleges that he sustained a severe and permanent injury to his left shoulder and rotator cuff when it was closed in a pressurized door at CCDC. Although an MRI performed after the incident showed that Finley's shoulder was significantly injured, and he repeatedly sought diagnosis and treatment from CCDC medical staff, including Well Path Director Stephanie, he was provided only a low-dose of Meloxicam. Generously construed, the allegations state that Finley's pain and discomfort persisted for over a year without different treatment or analysis.

The allegations plausibly state that Finley's shoulder injury constitutes a serious medical need; Stephanie determined to treat that injury with only a low-dose of Meloxicam; and Finley's pain and discomfort continued for at least one year as a result. The Fourteenth Amendment medical-indifference claim may therefore proceed against Stephanie.

### IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Finley's second application to proceed in forma pauperis (ECF No. 6) is denied without prejudice.

**IT IS FURTHER ORDERED** that Finley has until April 10, 2025, to either pay the full $405 filing fee or file a new fully complete application to proceed in forma pauperis with all three required documents demonstrating his inability to pay the filing fee.

**IT IS FURTHER ORDERED** that Finley has until April 10, 2025, to file his updated address with the Court.

**IT IS FURTHER ORDERED** that the Fourteenth Amendment inadequate-medical-care claim may proceed against Stephanie.

**IT IS FURTHER ORDERED** that this action will be subject to dismissal without prejudice if Finley fails to timely comply with this order. A dismissal without prejudice allows the plaintiff to refile his complaint with the Court, under a new case number, when he can either pay the filing fee or file a complete application to proceed *in forma pauperis* and provide the Court his

updated address.

**IT IS FURTHER ORDERED** that the Clerk of the Court will file the Complaint (ECF No. 1-1) and send Plaintiff Robert Finley the approved form and instructions for filing a civil-rights complaint by an inmate, the approved form and instructions for applying to proceed <u>in forma pauperis</u> by an inmate, and a courtesy copy of his Complaint (ECF No. 1-1) by delivering the same to High Desert State Prision's law library.

**DATED:** March 16, 2025

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**