# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT LEE FINLEY,<br><br>Plaintiff,<br><br>v.<br><br>STEPHANIE, WELL PATH MEDICAL DIRECTOR, *et al.*,<br><br>Defendants. | Case No. 2:24-cv-00840-RFB-EJY<br><br>**ORDER** |

Plaintiff Robert Finley brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while detained at Clark County Detention Center. (ECF No. 9). On March 16, 2024, this Court ordered Finley to file his updated address with the Court and either pay the full $405 filing fee or file a complete application to *proceed in forma pauperis* by April 10, 2025. (ECF No. 8). That deadline expired without an updated address, payment of the filing fee, a complete *in forma pauperis* application, or other response from Finley. Additionally, Finley's mail from the Court is being returned as undeliverable, (ECF No. 13), and according to the Nevada Department of Corrections inmate database, he is no longer incarcerated.

### I. DISCUSSION

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. See Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal

1   Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In
2   determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the
3   public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket;
4   (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on
5   their merits; and (5) the availability of less drastic alternatives. See In re Phenylpropanolamine
6   Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting Malone, 833 F.2d at 130).

7         The first two factors, the public's interest in expeditiously resolving this litigation and the
8   Court's interest in managing its docket, weigh in favor of dismissal of Finley's claims. The third
9   factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of
10  injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court
11  or prosecuting an action. See Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth
12  factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by
13  the factors favoring dismissal.

14        The fifth factor requires the Court to consider whether less drastic alternatives can be used
15  to correct the party's failure that brought about the Court's need to consider dismissal. See Yourish
16  v. Cal. Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic
17  alternatives *before* the party has disobeyed a court order does not satisfy this factor); accord
18  Pagtalunan v. Galaza, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every
19  sanction short of dismissal before finally dismissing a case, but must explore possible and
20  meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986). Because
21  this Court cannot operate without collecting reasonable fees, and litigation cannot progress without
22  Finley's compliance with the Court's orders, the only alternative is to enter a second order setting
23  another deadline. But repeating an ignored order often only delays the inevitable and further
24  squanders the Court's finite resources. The circumstances here do not indicate that this case will
25  be an exception. Setting another deadline is not a meaningful alternative given these
26  circumstances. So the fifth factor favors dismissal.

## II. CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

Therefore, **IT IS ORDERED** that this action is **DISMISSED** without prejudice based on Robert Finley's failure to update his contact information and address the matter of the filing fee in compliance with this Court's March 16, 2025 Order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Robert Finley wishes to pursue his claims, he must file a complaint in a new case and either pay the full filing fee or complete an *in forma pauperis* application.

**IT IS FURTHER ORDERED** that Plaintiff may move to reopen this case and vacate the judgment by filing a motion for reconsideration of this order within 28 days of its entry. In this motion, the Plaintiff would need to explain the circumstances which led to him not being able to pay the filing fee and update his address as directed by the Court. If the Court finds there is good cause or a reasonable explanation for the failure, the Court will reopen the case and vacate the judgment.

**DATED:** May 5, 2025.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**